IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KIMBERLY J. NORMAN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:13-CV-119-MSH |
| | : Social Security Appeal |
| CAROLYN COLVIN, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1]  Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I. **Whether the Residual Functional Capacity assessment formulated by the ALJ is supported by substantial evidence.**

II. **Whether the ALJ properly assessed Plaintiff's credibility as to her subjective allegations of pain.**

### Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on March 22, 2010. (Tr. 13, ECF No. 12-2.) Plaintiff alleged disability as of April 15, 2004. (*Id.*) Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared before the ALJ on December 7, 2011. Following the hearing, the ALJ issued an unfavorable decision on May 2, 2012. (Tr. 13-22.) The Appeals Council ultimately denied Plaintiff's Request for Review on August 30, 2013. (Tr. 1-3.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirement of the Social Security Act through June 30, 2008. (Tr. 15.) He further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since her alleged onset date. (*Id.*) The ALJ found that Plaintiff had the severe impairments of fibromyalgia, bipolar disorder, and panic disorder. (*Id.*) The ALJ then determined that Plaintiff has no

impairments that meet or medically equal any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work with the added non-exertional limitations of only "unskilled work involving simple, routine, repetitive tasks with no more than simple, short instructions and simple work-related decisions with few workplace changes performed at a nonproduction rate pace. . . . [and] no interaction with the general public and only occasional[] interaction with supervisors or co-workers." (Tr. 17.) The ALJ concluded that Plaintiff has no past relevant work. (Tr. 20.)

Plaintiff was twenty-two years old on her alleged disability onset date, which is considered to be a younger individual. (*Id.*) The ALJ found that Plaintiff had at least a high school education and could communicate in English. (Tr. 31.) Considering her education, age, work experience, and RFC, the ALJ elicited testimony from a vocational expert (VE) that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.*) The ALJ therefore found that Plaintiff has not been under a disability as defined in the Act from April 15, 2004 through the date of his decision. (Tr. 22.)

## DISCUSSION

**I.   Does substantial evidence support the RFC assessment made by the ALJ?**

Plaintiff first asserts that the ALJ did not take into account the opinions of two state agency psychologists, Drs. Cooper and Turzo. (Pl.'s Br. 11-14, ECF No. 15.) The

Court notes that neither psychologist treated or examined Plaintiff. Neither found more than moderate limitations in Plaintiff's ability to maintain concentration, persistence or pace. Neither indicated in their respective Mental Residual Functional Capacity Assessments that Plaintiff had substantial limitations in her ability to accept instructions from supervisors, work cooperatively with other employees, or respond to ordinary workplace changes. (Tr. 473, 515-517.)

In formulating Plaintiff's RFC the ALJ included nonexertional limitations and restricted her to unskilled work with simple, routine, and repetitive tasks and requiring only simple, short instructions and simple work related decisions with few workplace changes. (Tr. 17.) In doing so the ALJ referenced Dr. Cooper's records review and opinion that Plaintiff would be more likely to perform better without extensive interaction with the general public. (Tr. 20.) The ALJ included as a limitation in the RFC that Plaintiff have no interaction with the general public. (*Id.*) While Plaintiff correctly points out that the ALJ did not specifically reference Dr. Turzo or her opinion, the full substance of that February 23, 2011 opinion (Tr. 515-517) is included in the assessed RFC.

No evidence exists in the record that Plaintiff has disabling nonexertional limitations. No medical source has opined that she is unable to work because her nonexertional limitations disable her from doing so. Indeed, a consultative examining psychologist, Dr. Matt Butryn, found her to have no more than mild limitations in her ability to work cooperatively when compliant with prescribed medications. (Tr. 557-560.) The ALJ pointed out that Dr. Butryn scored Plaintiff 29/30 on a mental status

6

evaluation and found her to be capable of carrying out the type of work described by the ALJ in his RFC assessment. Significant weight was given to Dr. Butryn's findings. (Tr. 19, 20.)

Plaintiff argues that her impairments may cause her to improperly react to criticism from supervisors, leading to her dismissal from any job. (Pl. Br. 13.) While Plaintiff is no doubt correct in the main premise of her argument, that a single outburst by an employee may result in dismissal, that does not mean anyone who might burst out is thereby disabled to work and entitled to benefits under the Social Security Act. Her first contention is without merit.

## II.     Did the ALJ properly evaluate Plaintiff's credibility?

In her second contention of error, Plaintiff asserts that the ALJ improperly assessed her pain complaints. (Pl. Br. 15.) The ALJ determined Fibromyalgia to be a "severe" impairment and stated that such a disorder can reasonably be expected to cause pain. (Tr. 18.) The ALJ then proceeded to review the medical evidence of record to determine whether the pain was of such intensity and persistence to cause disabling limitations. *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995).

Because pain is subjective in nature as to intensity and persistence, an ALJ is required to evaluate pain complaints from the perspective of a claimant's credibility. *Id.* The ALJ here discounted Plaintiff's credibility and gave his reasons for doing so. He noted that Plaintiff had full range of motion in all areas on examination in August of 2010. (Tr. 19, 577-580.) He also considered and discussed Plaintiff's noncompliance with prescribed treatment as well as her assertion of discontinuing marijuana use in 2001,

but testing positive for marijuana in March 2009. (Tr. 19, 20.) The ALJ's explanation for determining that Plaintiff is not fully credible is adequate and supported by substantial evidence in the record. Thus, there is no error.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 3rd day of November, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE